NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3006
_____

DAMION BRYAN,
Petitioner

v.

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,
Respondent
_____

On a Petition For Review of a Decision of the
United States Citizenship & Immigration Services
(Agency No. A046-241-195)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before:   FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: December 4, 2012)
_____

OPINION
_____

PER CURIAM

Damion Bryan ("Bryan") petitions for review of the June 29, 2011 decision of the

United States Citizenship and Immigration Services ("USCIS"), denying his Form N-600,

1

Application for Certificate of Citizenship. For the reasons that follow, we will dismiss the petition for review for lack of jurisdiction.

Bryan, a native and citizen of Jamaica, was ordered removed by an Immigration Judge and the Board of Immigration Appeals affirmed his removal order on March 28, 2003. Bryan was removed from the United States but he re-entered. He was charged with and pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced on January 19, 2010 in the United States District Court for the Southern District of New York to a term of imprisonment of 46 months, see D.C. Crim. No. 05-cr-00357. Upon his release, Bryan was taken into immigration custody in Clinton County, Pennsylvania.

On or about February 25, 2011, Bryan filed a Form N-600, Application for Certificate of Citizenship, with the United States Citizenship and Immigration Services ("USCIS"). On June 29, 2011, USCIS issued a decision denying the application. The USCIS officer made a number of findings and concluded that Bryan did not meet the requirements for derivative citizenship through his stepfather's naturalization because his stepfather had not adopted him prior to his [Bryan's] reaching majority. This decision by District Director Andrea J. Quarantillo indicated that Bryan could appeal to the Administrative Appeals Office in Washington, D.C. within 30 days.

On February 28, 2012, Bryan filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, seeking review of the June 29, 2011 USCIS decision denying his application for naturalization. Following the filing of a response by the Government, and a Report and

2

Recommendation by the Magistrate Judge, the District Court, in an order entered on June 11, 2012, dismissed the petition without prejudice because district courts may not exercise habeas corpus jurisdiction over a claim of citizenship. The District Court held that jurisdiction over nationality claims would lie only with a court of appeals, see Jordon v. Att'y Gen. of U.S., 424 F.3d 320, 326-27 (3d Cir. 2005) (REAL ID Act gave appellate review of derivative citizenship claims to court of appeals and eliminated habeas jurisdiction in the district courts). Evidently in response, on July 18, 2012, Bryan filed an item in this Court titled "Pro Se Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 & REAL ID Act U.S.C. § 1251 (Petition for Review)," in which he sought review in this Court of the June 29, 2011 USCIS decision denying his application for naturalization. We will treat this as a petition for review. 8 U.S.C. § 1252(a)(5).[1]

An alien must exhaust all administrative remedies as a prerequisite to raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989). See also Joseph v. Att'y Gen. of the U.S., 465 F.3d 123, 126 (3d Cir. 2006). Failure to appeal at all available levels constitutes a failure to exhaust, thus depriving us of jurisdiction, see id. at 1252(d)(1) (all administrative remedies available "as of right" must be exhausted). A person may seek proof of citizenship by filing with USCIS a Form N-600, Application for Citizenship, pursuant to Immigration & Nationality Act ("INA") §§ 301, 309, 320, and/or 321. If the

---

[1] After we denied his motion for a stay of removal, Bryan was removed to Jamaica on July 26, 2012.

3

application is denied, he must timely appeal to the Administrative Appeals Office, see 8 C.F.R. § 103.3(a)(1)(i)-(iv).  See also 8 C.F.R. § 341.6 (effective to November 27, 2011).

There is no final administrative denial where the person failed to appeal the rejection of his Form N–600 Application for Certificate of Citizenship to the Administrative Appeals Unit.  See Johnson v. Whitehead, 647 F.3d 120, 125 (4th Cir. 2011) cert. denied, 132 S. Ct. 1005 (U.S. 2012).  Cf.  8 U.S.C. § 1503(a) (requiring "final administrative denial" before those whose nationality claims do not arise in context of removal proceedings may proceed with declaratory judgment action).  We note that Bryan was advised of his appellate rights.  Bryan has argued in his petition for review that he need not exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1) because his "constitutional rights were violated," (Petition, at 3), but Bryan's citizenship claim, which involved fact-finding and the application of INA §§ 301, 309, 320 and 321 to the facts of his case, is correctable through the administrative process, and thus fully subject to the exhaustion requirement.  See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005).

For the foregoing reasons, we will dismiss the petition for review for lack of jurisdiction.  The Government's motion to dismiss for mootness is denied.